# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ROY B. SHELBY, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:23-cv-01224 |
| DICKSON COUNTY SHERIFF'S OFFICE, | ) JUDGE CAMPBELL |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Roy Shelby, an inmate of the Dickson County Jail proceeding pro se, has filed a Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 4.) Plaintiff has also filed a supplemental statement of the facts underlying his Complaint. (Doc. No. 3.)

The case is before the Court for ruling on Plaintiff's IFP application and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee, that application (Doc. No. 4) is **GRANTED** and a $350 filing fee is **ASSESSED**. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of

the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations'

2

Case 3:23-cv-01224    Document 5    Filed 08/29/24    Page 2 of 5 PageID #: 30

and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must also afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

Plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**B. Facts**

Plaintiff sues the Dickson County Sheriff's Department, alleging that on November 13, 2023, he checked the kiosk at the jail and "Law Books 7-7A" were not available. (Doc. No. 1 at 3–5.) He claims that when he grieved the matter, the official response was that the books were available "under book 8 on kiosk," but that he and other inmates had been unable to find any law books whatsoever on the jail kiosk. (Doc. No. 3 at 1.) Plaintiff claims that the unavailability of Law Books 7-7A violated his constitutional rights. (Doc. No. 1 at 3–5.) He does not allege any other injury or seek any relief. (*Id.* at 5.)

**C. Analysis**

This case must be dismissed for two reasons. First, it is filed against an improper defendant, the Dickson County Sheriff's Office. "Although municipal corporations and other 'bodies politic and corporate' may be sued under Section 1983, a sheriff's department is not a body politic or an entity that is considered a 'person' . . . under Section 1983." *Timms v. Tucker*, No. 3:11-1109, 2012 WL 2008599, at *2 (M.D. Tenn. June 5, 2012), *adopted*, 2012 WL 2872053 (M.D. Tenn. July 12, 2012) (quoting *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997)); *accord Campbell v. Cheatham Cnty. Sheriff's Dep't*, 511 F. Supp. 3d 809, 824–25 & n.12 (M.D. Tenn. 2021) (dismissing § 1983 claim and noting that sheriff's departments "are not proper parties to a § 1983 suit"), *aff'd*, 47 F.4th 468 (6th Cir. 2022). Accordingly, the Dickson County Sheriff's Office is not a proper defendant to this action under Section 1983.

Second, the alleged denial of access to law books 7-7A did not violate any right under the U.S. Constitution or federal law. Liberally construed, a claim of denial of law books could conceivably implicate Plaintiff's First Amendment right to access the courts. The right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, the concern is with "a right of access *to the courts*, not necessarily to a prison law library." *Walker v. Mintzes*, 771 F.2d 920, 932 (1985) (emphasis in original); *see also Lewis v. Casey*, 518 U.S. 343, 350 (1996) (noting that *Bounds* did not establish a right to a law library). To establish that the absence of law books on the jail kiosk interfered with his right of access to the courts, Plaintiff must show that it resulted in actual injury to a nonfrivolous claim he was attempting to pursue. *Lewis*, 518 U.S. at

353–55. He has failed to show such injury, as the denial of the law books at issue clearly did not impact his ability to file grievances at the jail or the instant lawsuit.

Even if Plaintiff could plausibly claim interference with his access to courts, he could not sustain such a claim against the Dickson County Sheriff's Department, as discussed above, nor would his allegations support the liability of Dickson County itself. Any such municipal liability claim would fail for lack of an identified policy or custom of the County that could be said to be the "moving force" behind the deprivation of the law books. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012) ("To plead a claim for municipal liability under § 1983, Plaintiff must plausibly allege that his or her constitutional rights were violated and that a policy or custom of [the municipality] was the 'moving force' behind the deprivation of Plaintiff's rights.") (citing *Miller v. Sanilac County*, 606 F.3d 240, 254–55 (6th Cir. 2010)). In sum, this lawsuit must be dismissed.

### III. CONCLUSION

For the above reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE